995 F.2d 1065
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Arthur STEADMAN, Jr., a/k/a Tip, Defendant-Appellant.
 No. 92-5625.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 7, 1993.
Decided: June 18, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Orangeburg. Charles E. Simons, Jr., Senior District Judge. (CR-91-426)
 Cameron B. Littlejohn, Jr., Lewis, Babcock & Hawkins, Columbia, South Carolina, for Appellant.
 John S. Simmons, United States Attorney, Robert C. Jendron, Jr., Assistant United States Attorney, Hugh Buyck, Third Year Law Student, Columbia, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before HALL, WILKINSON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Arthur Steadman, Jr., appeals his conviction and sentence for possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) (1988). Steadman's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), arguing that the district court improperly considered other charged conduct in imposing sentence, but asserting that there are no meritorious issues for appeal. Steadman was notified of his right to file an additional brief, but has not done so.
 
 
 2
 Pursuant to a plea agreement, Steadman pled guilty to one count of a six count indictment. The remaining counts were dismissed. In the plea agreement and during his arraignment, Steadman acknowledged that he could not withdraw his plea and that other conduct charged in the indictment could be considered as relevant conduct in sentencing.
 
 
 3
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issues for appeal. The district court found that Steadman was involved in the activity charged in count five of the indictment, and did not err in considering this as relevant conduct pursuant to United States Sentencing Commission, Guidelines Manual, § 1B1.3(a)(2) (Nov. 1991). See United States v. McNatt, 931 F.2d 251 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3478 (U.S. 1992). Steadman's sentence was the result of a proper application of the sentencing guidelines. We therefore affirm the district court. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C.A. § 3006A (West Supp. 1992)), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 AFFIRMED